**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENNETH KUBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| MIRAMED REVENUE GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, KENNETH KUBE ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., and for his Complaint against Defendant, MIRAMED REVENUE GROUP, LLC ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state tort claims alleged.

3. Defendant conducts business and is principally located in the State of Illinois, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Joliet, Will County, Illinois.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a company with an office located in Lombard, Illinois.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt. *See* plaintiff's record of calls occurring between August 24, 2009 and September 9, 2009 attached hereto as Exhibit A.

12. Defendant places calls to Plaintiff's home telephone number.

13. Plaintiff informed Defendant that he did not have the ability to pay the alleged debt.

14. Defendant informed Plaintiff that the calls would continue and increase until payment was made.

15. Defendant yelled at Plaintiff on the telephone.

16. Defendant informed Plaintiff that nonpayment of the debt was a "breach of the law."

17. Defendant failed to identify itself as a debt collector in communications with Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and/or abuse Plaintiff.

    b. Defendant violated §1692d(2) of the FDCPA by using language the natural consequence of which is to abuse Plaintiff.

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff.

    d. Defendant violated §1692e of the FDCPA by using false, deceptive and/or misleading representations and/or means in connection with the collection of the alleged debt.

    e. Defendant violated §1692e(2) of the FDCPA by falsely representing the legal status of the alleged debt.

    f. Defendant violated §1692e(7) of the FDCPA by falsely representing that Plaintiff committed a crime.

    g. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means in an attempt to collect the alleged debt.

    h. Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the calls were from a debt collector.

**WHEREFORE,** Plaintiff, KENNETH KUBE, respectfully requests judgment be entered against Defendant, MIRAMED REVENUE GROUP, LLC, for the following:

a) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;
b) Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;
c) Actual damages;
d) Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and
e) Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Adam J. Krohn
Adam J. Krohn
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
(312) 578-9428
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KENNETH KUBE, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )

Plaintiff, KENNETH KUBE, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KENNETH KUBE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

09/09/09
Date

KENNETH KUBE

# EXHIBIT A

| Time | Date | Description | Number |
|---|---|---|---|
| 0831 | AUG 24/09 | TOLL FREE CALL — MIRAMED | 866 910 2607 |
| 1353 | AUG 24/09 | OUT OF AREA | NO # |
| 0821 | AUG 25/09 | OUT OF AREA | NO # |
| 1409 | AUG 25/09 | TOLL FREE CALL — MIRAMED | 866 910 2607 |
| 1434 | AUG 26/09 | DENNIS COLE MIRAMED TOLL FREE CALL | 866 910 2607 |
| 0921 | AUG 27/09 | TOLL FREE CALL — RING 2x HANG UP — (RESEARCH - NICOL) | 888 642-6748 |
| 1257 | AUG 27/09 | MIRAMED TOLL FREE CALL | 866 910 2607 |
| 0819 | AUG 28/09 | OUT OF AREA  NICOL | NO # |
| 1550 | AUG 28/09 | TOLL FREE CALL  MIRAMED | 866 910 2607 |
| 1117 | SEPT 1/09 | TOLL FREE CALL  MIRAMED | 866 910 2607 |
| 1119 | SEPT 2/09 | MIRAMED TOLL FREE CALL | 866 910 2607 |
| 0955 | SEPT 3/09 | MIRAMED TOLL FREE CALL  NCO FINANCIAL SYSTEMS | 888 209 3124 |
| 1100 | SEPT 7/09 | TOLL FREE CALL | 800 410 5761 |

1249   SEPT 8/09        TOLL FREE CALL        866 910 2607
                         MIRAMED